IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO: 4:18-cv-125

| | | |
|---|---|---|
| Tamara R. Murrill, | ) | **COMPLAINT** |
|     Plaintiff | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Choice Hotels International, Inc. | ) | |
|     Defendants | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, complaining of Defendant, alleges and says that:

## STATEMENT OF JURISDICTION

1. This action arises under a federal statue, 28 USC §1332, and as such contrevesty is between citizens of different states and said sum sought exceeds **Seventy Five Thousand and 00/100 dollars** ($75,000.00), and the United States District Court in the Eastern District of North Carolina is the proper place for jurisdiction.

## PARTIES

1. The Plaintiff, Tamara R. Murrill, is a citizen and resident of Perquimans County, State of North Carolina, and is under no legal disability, and was at the time of

1

the sexual assault and rape described herein a minor, who has since become emancipated.

2. The Defendant, Choice Hotels International, Inc. (hereinafter Defendant "Choice") is a corporation organized and existing under the laws of the State of Delaware and having a principal office of 1 Choice Hotels Circle Suite 400, Rockville, MD 20850. At all relevant times herein the Defendant Choice was the Franchisor of the EconoLodge located at 522 South Hughes Boulevard B, Elizabeth City, North Carolina.

## **FACTUAL ALLEGATIONS**

3. The Plaintiff, Tamara R. Murrill, began work at the EconoLodge located at 522 South Hughes Boulevard B, Elizabeth City, North Carolina, at the end of 2015, when she was 17 years of age.

4. The Plaintiff was employed, to run the front desk and perform other menial tasks, at said EconoLodge.

5. At the time of employment the Plaintiff was a senior in high school, with limited work experience.

6. The Plaintiff applied for the position by calling the hotel and asking if they had any open positions.

7. The Plaintiff believed she was being employed by "EconoLodge", a national hotel chain, which is owned and controlled by the Defendant Choice Hotels.

8. The Defendant Choice provides franchises for certain hotels, including EconoLodge.

2

9. The Defendant Choice was the franchisor of the EconoLodge located at 522 South Hughes Boulevard B, Elizabeth City, North Carolina.

10. Upon employment the Plaintiff received minimal training, but was trained to use a software system for payment and reservations which was controlled, owned, and created by the Defendant Choice. Furthermore, the Defendant provides software for further training to employees regarding day-to-day employment activities.

11. During the time of her employment the Plaintiff was a high school student who was tasked with working a 4 p.m. to 11 p.m. shift.

12. The Plaintiff would primarily work her shift alone, without any other staff, including security officers, present at the hotel property.

13. During the course of the Plaintiff's minimal training, she was informed that upon complaint of any tenant or request for service that the Plaintiff in the course of her duties was to attempt to fulfill said request including going to the guest's room unaccompanied, a directive given to her by her manager, and not prohibited in training policies of the Defendant.

14. The Plaintiff received minimal training regarding entering guest rooms and what if any precautions should be taken, but was not specifically trained to not enter a room where the door was open and a guest did not appear to be present.

15. In the past five years leading up to the assault on the Plaintiff, there were at least two hundred (200) reported crimes, including thirty (30) assaults (sexual or otherwise), twenty-two (22) drug related incidents, and at least thirteen (13)

occurrences where employees of this EconoLodge in Elizabeth City, North Carolina were themselves harassed or assaulted while on the job.

16. During the days leading up to the sexual assault and rape, fellow employees had referenced odd behavior from Aeron Nicholas Etheridge, one employee writing said information in a log maintained by employees.

17. Upon information and belief, Aeron Nicholas Etheridge had been staying at the hotel off and on since his release from jail in November of 2015.

18. On the day of the sexual assault and rape, January 11, 2016 the Plaintiff was working the front desk with no other staff present.

19. Aeron Nicholas Etheridge, contacted the Plaintiff on two occasions the night of January 11, 2016, the first regarding the television and the second with a request for towels and soap.

20. As required by her training, the Plaintiff went to the room of the Aeron Nicholas Etheridge, the second time she approached the room the door was open and Mr. Etheridge did not upon, inspection appear to be in the room..

21. Upon entering Aeron Nicholas Etheridge's room to deliver items Mr. Etheridge, whom had been hiding, attacked the plaintiff tied her up, sexually assaulted and raped her for approximately one hour, until she was released by, Aeron Nicholas Etheridge.

22. At no time during the sexual assault and rape did an employee or other staff member know the whereabouts of the Plaintiff as she was working alone without any security presence.

23. The Plaintiff has not returned to work since the sexual assault and rape.

### FIRST CLAIM FOR RELIEF
### NEGLIGENCE
### (FAILURE OF DEFENDANT TO PROVIDE A SAFE AND SECURE PREMISES AND WORK ENVIRONMENT)

24. The allegations contained in paragraphs 1 through 23 are realleged and reincorporated herein by reference as if fully set forth.

25. The Defendant Choice, as the franchisor of the EconoLodge hotel located in Elizabeth City, North Carolina, had a duty to provide a safe and secure premises to persons lawfully upon property owned or operated by it, and more specifically a safe work environment for employees, including but not limited to the Plaintiff.

26. The Defendant Choice, as Franchisor of the EconoLodge Hotel, is liable under the theory of either Actual, or alternatively, Apparent Agency for the harm caused to the Plaintiff.

27. The Defendant Choice has failed to provide a safe and secure premises and work environment in the following manners:

    A. Failed to provide security officers on the premises.

    B. Failed to provide cameras or any other means of surveilling the hotel property.

    C. Failed to provide a policy that sufficiently protected the safety of employees, particularly female employees who were required to enter occupied or unoccupied guest rooms.

D. Such and other negligent acts to be revealed at a trial of this action.

28. As a result of Defendant Choice's negligent acts the Plaintiff suffered severe and lasting physical and mental injuries.

29. As previously stated herein, the Defendant Choice is liable to the Plaintiff for its negligent acts as well as those negligent acts of the Franchisee, as the Defendant had actual authority over the policy and procedures regarding workplace and premise safety, and furthermore the Defendant retained the right to inspect and enforce these policies through periodic inspections and training, as well as the ability to take punitive action against the franchisee for failing to adhere to the franchisor's policies.

30. Alternatively, Defendant Choice is liable to the Plaintiff for its negligent acts as well as those negligent acts of the Franchisee, as Defendant Choice held itself out to be the owner of the hotel employing the Plaintiff, and that the Plaintiff had a reasonable belief that Defendant Choice had authority over the premises, based upon the Plaintiff's training on a reservation system owned and controlled by Defendant Choice, as well as the advertising, and lack of clear indication that the Franchisee owned and operated the hotel independent of the Franchisor.

31. As a direct and proximate result of the negligent acts of Defendant Choice, the Plaintiff was sexually assaulted, whereby suffering damages in the form of pain and suffering in excess of seventy-five thousand and 00/100 dollars ($75,000.00).

32. To the extent that these allegations are construed, adjudicated, or interpreted to be in conflict with, inconsistent with, or contradictory to allegations being

asserted in this Complaint, these allegations are plead in the alternative to such claims pursuant to Rule 8 under the Federal Rules of Civil Procedure and other applicable law.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE
## (FAILURE OF THE DEFENDANT TO PROVIDE PROPER TRAINING TO EMPLOYEE)

33. The allegations contained in paragraphs 1 through 32 are realleged and reincorporated herein by reference as if fully set forth.

34. The Defendant Choice, as the franchisor of the EconoLodge hotel located in Elizabeth City, North Carolina, had a duty to provide adequate training to its employees to prevent or significantly decrease the risk of harm befalling one of said employees.

35. The Defendant Choice, as Franchisor of the EconoLodge Hotel, is liable under the theory of either Actual or alternatively Apparent Agency for the harm caused to the Plaintiff.

36. Alternatively, if the Defendant, Choice Hotels, is not found to be directly liable under the general negligence theory listed herein, they are liable under the theory of either actual or alternatively a parent agency for the harm caused to the Plaintiff.

37. The Defendant has failed to provide adequate training to its employees to prevent or significantly decrease the risk of harm of said employees in the following manners:

    A. Failed to properly provide adequate training to employees regarding entering guest rooms, particularly those rooms that appear unoccupied.

B. Failed to provide adequate training to employees regarding how to safely secure themselves and prevent harm to themselves when they are working alone.

C. Failed to properly train or have training policies that sufficiently protect the safety of employees, particularly female employees who are required to enter occupied or unoccupied guest rooms.

D. Such and other negligent acts to be revealed at a trial of this action.

38. As a result of Defendant Choice's negligent acts the Plaintiff suffered severe and lasting physical and mental injuries.

39. As previously stated herein, the Defendant Choice is liable to the Plaintiff for its negligent acts as well as those negligent acts of the Franchisee, as the Defendant had actual authority over the policy and procedures regarding workplace and premise safety, and furthermore the Defendant retained the right to inspect and enforce these policies through periodic inspections and training, as well as the ability to take punitive action against the franchisee for failing to adhere to the franchisor's policies.

40. Alternatively, Defendant Choice is liable to the Plaintiff for its negligent acts as well as those negligent acts of the Franchisee, as Defendant Choice held itself out to be the owner of the hotel employing the Plaintiff, and that the Plaintiff had a reasonable belief that Defendant Choice had authority over the premises, based upon the Plaintiff's training on a reservation system owned and controlled by Defendant Choice, as well as the advertising, and lack of clear indication that the Franchisee

owned and operated the hotel independent of the Franchisor, furthermore the Defendant provided all employees of the Econolodge with online training materials which where uniform to all Econolodge properties.

41. As a direct and proximate result of the negligent acts of Defendant Choice, the Plaintiff was sexually assaulted, whereby suffering damages in the form of pain and suffering in excess of seventy-five thousand and 00/100 dollars ($75,000.00).

42. To the extent that these allegations are construed, adjudicated, or interpreted to be in conflict with, inconsistent with, or contradictory to allegations being asserted in this Complaint, these allegations are plead in the alternative to such claims pursuant to Rule 8 under the Federal Rules of Civil Procedure and other applicable law.

### THIRD CLAIM FOR RELIEF
### PUNITIVE DAMAGES

43. The allegations contained in paragraphs 1 through 42 are realleged and reincorporated herein by reference as if fully set forth.

44. The Defendant placed the Plaintiff in a position where she was substantially certain to be placed in a dangerous or harmful situation, which in this case was a sexual assault as alleged in this Complaint, and which actions or inactions leading to said assualt were willfully undertaken with conscious disregard for the safety of others, this includes but is not limited to all allegations found in paragraphs twenty seven and thirty seven of this complaint.

45. This willful and wanton conduct is an aggravating factor supporting the award of punitive damages against the Defendants.

46. The Plaintiff is entitled to recover punitive damages in this action as alleged in the foregoing paragraphs of this Complaint.

47. As a direct and proximate result of the willful conduct of the Defendants, the Plaintiff is entitled to an award of punitive damages in excess of seventy-five thousand and 00/100 dollars ($75,000.00).

Wherefore, the Plaintiff demands a trial by jury, and prays:

1. The Plaintiff have and recover of the Defendant compensatory damages in excess of $75,000.00.

2. The Plaintiff have and recover of the Defendant punitive damages in the amount of $75,000.00

3. The Plaintiff have a trial by jury.

4. The cost of this action be taxed against the Defendant.

5. Any such further relief as the court deems appropriate.

This the _____ day of _____, 2018.

**PRITCHETT & BURCH, PLLC**

/s/ Lloyd C. Smith III
_____
Lloyd C. Smith, III NC Bar # 38518
Attorney at Law
Post Office Drawer 100
Windsor, NC  27983
Tel # 252-794-3161
Email lcs3@windsorlaw.com

**The Law Office of Johnnie L. Finch, Jr.**

By:   /s/ Johnnie L. Finch, Jr.
      Johnnie L. Finch, Jr.
      NC Bar # 46020
      Attorney at Law
      1290 Halstead Blvd
      Elizabeth City, NC 27909
      Tel # 252-331-1176
      Email johnnie@ncfinchlaw.com